IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| XZANDER DUNCAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:25-cv-415-RAH |
| MID SOUTH WAFFLES, INC., d/b/a WAFFLE HOUSE #835, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

On April 5, 2023, Plaintiff Xzander Duncan was shot by an unknown individual at approximately 2:00 a.m. at Waffle House #835 after picking up an order of food from the restaurant's to-go window. Waffle House #835 is owned by Mid-South Waffles, Inc. (MSW).

On April 3, 2025, Duncan filed suit in the Circuit Court of Montgomery County, Alabama against Waffle House, Inc., Mike Hassel, and various fictitious party defendants. On May 6, 2025, Duncan filed a First Amended Complaint that substituted MSW in the place of Waffle House, Inc. as a defendant. MSW then removed the case to this Court, claiming diversity jurisdiction and the fraudulent joinder of Hassel as a defendant.

On September 18, 2025, Duncan filed a *Motion for Leave to Amend* (doc. 12) which sought leave to file a Second Amended Complaint. The proposed Second Amended Complaint adds four new Alabama-based individual defendants—Paul Leuthold, Tom Fritz, Kimberly Ornelas, and Joshua Johnson. MSW opposes the motion.

On January 4, 2026, Hassel filed a *Motion to Dismiss* (doc. 24), claiming that he has not been properly or timely served and that he has been fraudulently joined in this action. Duncan also filed a *Motion for Limited Jurisdictional Discovery* (doc. 30) in which Duncan seeks discovery from MSW under the guise of determining the identification of all of MSW's employees and its general manager on the date of the shooting incident. MSW opposes the motion.

For the foregoing reasons, Hassel's motion is due to be granted, and Duncan's motions are due to be denied.

## DISCUSSION

**A.    Hassel's Motion to Dismiss**

Hassel argues that he has not been properly or timely served with the operative complaint. In particular, he states that he was served on December 12, 2025, with a state court summons and the original state court complaint. But that state-court pleading had already been superseded by the First Amended Complaint, the case had been pending in federal court for over six months, and the attempted service occurred long after the 90-day deadline. *See* Fed. R. Civ. P. 4(m), 12(b)(5). Duncan responds, not by addressing the issue of whether Hassel has been properly or timely served with the operative pleading, but by arguing that Hassel has notice of the lawsuit and therefore that notice should be sufficient.

"As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Once a court accepts the amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quotation omitted). Because an original complaint is abandoned by amendment, "serving a superseded complaint with the

2

summons [is] not a proper service of process." *Phillips v. Murchison*, 194 F. Supp. 620, 622 (S.D.N.Y. 1961); *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir. 1990) ("[W]here an amended pleading supersedes the original complaint, subsequent service of the superseded prior or original pleading is improper . . . ." (internal quotation marks omitted)); *Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (finding service of original complaint was deficient service because original complaint was superseded by amended complaint at the time of service).

From all that appears, Duncan served Hassel with a state court summons and a superseded state court complaint long after the 90-day period for obtaining proper service on Hassel had expired. Duncan has not sought an extension of that deadline, and has never served Hassel with a federal summons or the operative First Amended Complaint. Duncan's silence on these issues is telling. That Hassel may have notice of the lawsuit does not relieve Duncan of his obligation to comply with the Federal Rules of Civil Procedure. As the Eleventh Circuit has held, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Accordingly, Hassel's motion to dismiss is due to be granted. *See* Fed R. Civ. P. 4(m) (providing that, unless good cause is shown for failure to perfect service within 90 days after filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

**B.    Duncan's Motion for Leave to Amend**

Duncan moves for leave to file a Second Amended Complaint, seeking to add identical claims against four non-diverse individual defendants. MSW opposes the motion, arguing that Duncan's purpose in adding the new individual defendants is to destroy diversity jurisdiction. MSW also argues that the amendment would be futile because the proposed Second Amended Complaint fails to state a cause of

3

action against any of them. For support, MSW provides affidavits from each individual in which they state they were not present on the evening in question, had no advance knowledge of the shooting or criminal conduct, had no relationship or knowledge of the shooter, and did not hire, train, or retain any employee who worked at the restaurant location. As a result, MSW argues that Duncan has not plausibly alleged that any of the individual defendants owed a duty to Duncan and that they cannot be held liable under any of the causes of action asserted in the proposed Second Amended Complaint.

On first glance, the Court agrees that the proposed Second Amended Complaint fails to adequately make a plausible showing of a duty by any of the four additional individual defendants and it appears that Duncan's primary purpose is to find a non-diverse defendant to sue. But the Court need not perform a deep dive into the duty analysis because the proposed Second Amended Complaint constitutes a classic shotgun complaint. It is rife with conclusory and vague allegations and summarily asserts claims that broadly lump all four of them together. Indeed, there is virtually no detailed allegations directed at any of them.

A court may deny a motion to file an amended complaint for futility "when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). A "shotgun pleading" is an example of a type of complaint which would be subject to dismissal. *Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 891 (11th Cir. 2013). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four characteristics of classic shotgun pleadings. These are pleadings that:

4

> (1) contain multiple counts where each adopts the allegations of all preceding counts; (2) are filled with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim into separate counts; or (4) assert multiple claims against multiple defendants but do not specify which defendant is responsible for which acts or omissions.

*Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (cleaned up).

Here, the proposed Second Amended Complaint exhibits three characteristics of a shotgun pleading. First, in each of the six counts in the proposed Second Amended Complaint, Duncan adopts the factual allegations of all of the preceding counts. Second, each count contains conclusory and vague statements. For example, the proposed Second Amended Complaint summarily alleges that the "Defendants" "acted with reckless disregard for the rights of safety of Plaintiff"; "consciously or deliberately engaged in wantonness"; and "acted negligently and/or wantonly and with reckless disregard for the safety of Plaintiff, in the hiring, training, and supervision of staff at Waffle House #835," all without providing any of the necessary facts to support those conclusions against each proposed defendant. (Doc. 12-1 at 4–7.) Third, the proposed Second Amended Complaint does not specify which of the Defendants are responsible for which actions—it broadly alleges that all of the "Defendants" undertook identical acts or omissions. Rule 8 requires more than these broad and conclusory statements. *See, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (holding that complaint was a shotgun pleading where it incorporated by reference all factual allegations into

5

each claim and "ma[de] it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations g[ave] rise to which claims for relief").

Because the proposed Second Amended Complaint is a classic shotgun complaint, allowing it will be futile. Accordingly, Plaintiff's Motion for Leave to Amend is due to be denied.

C.  **Duncan's Motion for Limited Jurisdictional Discovery**

In his motion, Duncan seeks leave to conduct discovery to determine the identity and domicile of MSW's employees who were working at the time of the shooting. The purpose is evident by the title of the motion—jurisdiction—that is, to find a non-diverse party to sue to destroy diversity jurisdiction.

To remove a case from state court, a defendant must be able to demonstrate that the requirements of federal subject matter jurisdiction are met at the time of removal. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217–18 (11th Cir. 2007). Courts may allow limited jurisdictional discovery concerning the facts which bear upon the court's subject matter jurisdiction. *Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017).

Duncan does not direct his discovery request to Hassel or his citizenship at the time of removal. Instead, Duncan seeks merits-related discovery of all of MSW's employees at the time of the shooting so that he can add MSW employees as defendants. Such merits-related discovery—which could be relevant to the ultimate jurisdiction of this Court if such individuals are properly added as defendants at a later date—is not pertinent to whether jurisdiction existed at the time of removal. Had Duncan more narrowly focused his request specifically to the assertions made by Hassel in his declaration (doc. 11-2), Duncan's jurisdictional discovery request would find more stable footing. But Duncan did not make that narrow request. Plus, at this point, Duncan has not sought remand and Hassel will be dismissed from the

case. As such, there is no need for jurisdictional discovery specific to Hassel. Therefore, Duncan's Motion for Limited Jurisdictional Discovery is due to be denied.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  Plaintiff's *Motion for Leave to Amend* (doc. 12) is **DENIED** without prejudice;

(2)  Defendant Mike Hassel's *Motion to Dismiss* (doc. 24) is **GRANTED**;

(3)  Plaintiff's *Motion for Limited Jurisdictional Discovery* (doc. 30) is **DENIED**;

(4)  Mike Hassel is **DISMISSED**, without prejudice, from this case as a defendant;

(5)  The fictitious defendants are hereby **DISMISSED**, as fictitious party practice generally is not permitted under the Federal Rules of Civil Procedure;

(6)  This case shall proceed against Defendant Mid-South Waffles, Inc. under the First Amended Complaint; and,

(7)  Plaintiff and Mid-South Waffles, Inc. **SHALL** file a report of the parties' planning meeting on or by **February 20, 2026**.

**DONE** and **ORDERED** on this the 6th day of February 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7